UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARQUES BORNEY,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>BRIAN KILBER, Warden,<br><br>　　　　　Respondent. | Case No. 2:21-cv-07289-JAK (JDE)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL |

　　　On September 3, 2021, the United States District Court for the Southern District of California ("Southern District") received a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") from Marques Borney ("Petitioner"), a California state prisoner at High Desert State Prison, proceeding pro se. The Southern District transferred the action to this District and the file was received in this District on September 13, 2021. Dkt. 2, 3. The conviction Petitioner seeks to challenge by the Petition was entered in the Los Angeles Superior Court ("LASC") on January 26, 2018 in case number SA 082 880-02. Id. at 1-2.

　　　On March 19, 2020, Marques Borney, a California State prisoner at High Desert State Prison, filed a Petition for Writ of Habeas Corpus by a

Person in State Custody in this Court in Case No. 2:20-cv-02625-JAK-JDE ("Prior Action"). The petition in the Prior Action also challenged a conviction entered by the LASC on January 26, 2018 in case number SA-082-880. Prior Action, Dkt. 1 at 2; Dkt. 10 ("Prior Petition") at 2. Following briefing, on October 30, 2020, the Court accepted and adopted a Report and Recommendation, denied the Prior Petition on the merits, dismissed the Prior Action with prejudice, denied a certificate of appealability, and entered judgment of dismissal. See Prior Action, Dkt. 23-25. The Court thereafter denied two motions for reconsideration. Dkt. 27, 31. On November 24, 2020, Petitioner filed a Notice of Appeal of the judgment (Dkt. 28), which, according to on-line records of the Ninth Circuit Court of Appeals, remains open.

      Based on a review of the Petition, as well as information derived from the docket of the Prior Action, it appears that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(b), as Petitioner previously sought habeas relief from the same judgment of conviction.

      The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

      (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

      (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

   (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

  A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

  Here, as noted, it appears Petitioner previously challenged the same judgment of conviction in the Prior Action. Thus, the Petition now pending appears to constitute a second and/or successive petition and as such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issues raised by the Petition. Petitioner checked a box stating he had not filed a prior habeas petition in federal court, but also checked a box stating that a prior case was denied on the merits and the Ninth Circuit has

"given [Petitioner] permission to file this second or successive petition." Pet. at 5, ¶ 21. Petitioner did not include a copy of an order by the Ninth Circuit authorizing this Court to consider the Petition and the Court has not independently been able to locate any such order in a search of on-line records of the Ninth Circuit. Absent such authorization, it appears that the Court lacks jurisdiction to adjudicate the Petition.

* * *

IT THEREFORE IS ORDERED that, within 21 days from the date of this Order, Petitioner show cause in writing why the Court should not dismiss this action for lack of jurisdiction because Petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition prior to filing it in this Court. Petitioner may comply with this Order by filing a copy of an Order by the Ninth Circuit authorizing Petitioner to proceed with the Petition in this Court.

**Petitioner is warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute and comply with a court order.**

Dated: September 13, 2021

_____
JOHN D. EARLY
United States Magistrate Judge